ROGERS, Circuit Judge,
concurring and dissenting.
I concur in all of the majority opinion except for Part II.D(2). Punitive damages were properly awarded, and the amounts do not violate due process. However, we *939 are required to review the amount of punitive damages and “such an award will be set aside if it is grossly excessive or appears to be the result of passion, prejudice, improper sympathy, or for some other reason appears to constitute an injustice.” Coppinger Color Lab, Inc. v. Nixon, 698 S.W.2d 72, 75 (Tenn.1985). In order to determine whether the amount of punitive damages is excessive and constitutes an “injustice,” federal courts sitting in diversity must apply the Hodges factors, to the extent relevant. Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901-02 (Tenn.1992). Even if we apply a deferential abuse-of-discretion scope of review to the district court’s application of those factors, the record in this case does not, in my view, support an award of $200,000 in punitive damages. I would accordingly reverse the punitive damages award as well, and remand for further consideration in light of the substantive factors that Tennessee law requires a district court to consider in connection with the award of punitive damages.